UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00623-RJC
(3:14-cr-00082-RJC-DSC-1)

| | |
|---|---|
| ANDREW SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On October 22, 2014, Pro Se Petitioner Andrew Smith ("Petitioner") was charged in a Superseding Bill of Indictment with one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349; ten counts of wire fraud, 18 U.S.C. § 1343; conspiracy to commit international money laundering, 18 U.S.C. § 1956(h); and nine counts of international money laundering, 18 U.S.C. § 1956(a)(2)(A); for his participation in an illegal telemarketing scheme that originated in Costa Rica. [CR Doc. 17: Superseding Indictment]. As part of the scheme, Petitioner and other coconspirators located at a call center in Costa Rica contacted United States residents to falsely inform them about an alleged sweepstakes prize. The callers would then tell the victims to pay certain fees through Western Union or MoneyGram wire transfer to claim the prize. United States

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00623-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00082-RJC-DSC-1.

v. Griffin, 815 Fed. App'x 745, 746 (4th Cir. 2020) (unpublished decision). "Many victims paid those fees and, of course, received nothing in return." Id.

Petitioner proceeded to trial. Before trial, the Court granted the Government's motion to dismiss four counts of the Superseding Indictment -- two of the wire fraud counts and two of the international money laundering counts. [CR Docs. 165, 166]. The jury found Petitioner guilty on all 17 remaining counts. [CR Doc. 171: Jury Verdict]. The Court sentenced Petitioner to concurrent sentences of 240 months' imprisonment on each count and an additional term of 60 months on the wire fraud conspiracy count pursuant to 18 U.S.C. § 2326, for a total term of imprisonment of 300 months. [CR Doc. 215 at 2: Judgment]. Judgment on Petitioner's convictions was entered on June 25, 2019. [Id.]. Petitioner appealed. [CR Doc. 223: Notice of Appeal]. On appeal, Petitioner argued that the Court violated his Sixth Amendment right to a jury trial by determining the loss amount attributable to him during the sentencing proceedings instead of submitting the question to the jury. Griffin, 815 Fed. App'x at 746. The Fourth Circuit found this argument meritless because the loss amount calculations by the Court did not alter the statutory minimum or maximum sentences that Petitioner faced. Id. Petitioner did not petition the Supreme Court for writ of certiorari.

On November 16, 2021, Petitioner timely filed the pending § 2255 motion to vacate. [CV Doc. 1]. In his § 2255 motion, Petitioner asserts nearly enumerable claims of ineffective assistance of counsel beginning at his arraignment, ending with his appeal, and at every stage between. [Id.]. Petitioner's claims are so numerous as to preclude repeating or even summarizing here. Despite taking issue with essentially every aspect of his attorneys' representation, Petitioner does not, however, allege any ways in which he was prejudiced by the allegedly deficient representation. [See id.]. Petitioner asks for an evidentiary hearing and that his sentence be vacated. [Id. at 8].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Rules Governing Section 2255 Proceedings for the United States District Courts, an applicant for relief under § 2255 must "specify all the grounds for relief available" and "state the facts supporting each ground." Rule 2(b)(1)-(2). Here, while Petitioner certainly states plenty of purported grounds for relief, his motion to vacate is noticeably lacking in factual support for any of the claims. His claims are, in large part, insufficient under Rule 2 and will be dismissed as conclusory. See Mayle v. Felix, 545 U.S. 644, 655 (2005) (recognizing that notice pleading is insufficient on collateral review): United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). To the extent Petitioner's claims are not subject to dismissal under Rule 2, he has not stated a cognizable claim for ineffective assistance of counsel.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient

3

performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Ci1r. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

As to appellate ineffectiveness, courts should ordinarily find ineffective assistance of counsel for failure to raise claims on appeal only when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate

advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden of showing that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., that he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

Thus, in all claims of ineffective assistance, the petitioner must affirmatively show prejudice. Here, while Petitioner submits eight single-spaced handwritten pages of his issues with his trial and appellate attorneys' performance, he does not allege how he was prejudiced by these alleged deficiencies. To be fair, Petitioner does state that he was "damaged" by his trial counsel's opening statement and that his trial counsel's cross-examination of certain witnesses "ineffectively opened the door to prejudicial evidence and testimony." [CV Doc. 1 at 4, 5]. Petitioner, however, does not allege or show that the jury's verdict "was fundamentally unfair or unreliable," Sexton, 163 F.3d 874 at 882, and, on review of the record, the Court sees no basis for such a conclusion. Because Petitioner has not shown prejudice, the Court need not consider Strickland's performance prong. Rhynes, 196 F.3d at 232. His claims will be dismissed.

In sum, Petitioner has failed to state a cognizable claim for relief under Section 2255, both for his failure to show prejudice and for the generally vague and unsupported nature of most of his claims in the first instance. The Court will dismiss his motion to vacate on initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 23, 2021

Robert J. Conrad, Jr.
United States District Judge